

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| ADG:BG | *271 Cadman Plaza East* |
| F. #2025R00623 | *Brooklyn, New York 11201* |

May 8, 2026

<u>By ECF</u>

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Joel Kinganga Dickson
       <u>Criminal Docket No. 25-351 (LDH)</u>

Dear Judge DeArcy Hall:

    The government respectfully submits this letter in connection with the defendant Joel Kinganga Dickson's sentencing, which is scheduled for August 5, 2026 at 10 a.m. <u>See</u> ECF Order dated Mar. 19, 2026. For the reasons set forth below, the government respectfully submits that a sentence within the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range of 30 to 37 months' imprisonment, as calculated by the Probation Department and the plea agreement, would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

I.   <u>Factual Background</u>

    A. <u>The Instant Offense & Procedural History</u>

    On October 18, 2025, the defendant Joel Kinganga Dickson ("the defendant" or "Dickson") and a co-defendant arrived at John F. Kennedy International Airport ("JFK Airport") in Queens from Montego Bay, Jamaica via a Delta Airlines flight. <u>See</u> Pre-Sentence Investigation Report ("PSR") at ¶ 3. While attempting to board a flight to London, United Kingdom via Virgin Atlantic, Dickson was stopped by Customs and Border Patrol officers, who examined his two suitcases pursuant to border search authority. <u>Id.</u> at ¶¶ 6,7. The search revealed packages containing white, powdery substances within each of the two suitcases, which a field test confirmed the presence of cocaine with an estimated total weight of 10.75 kilograms divided between the two packages. <u>Id.</u> at ¶ 7.

    Following his arrest on October 19, 2025, the defendant waived his <u>Miranda</u> rights and agreed to speak with law enforcement. <u>Id.</u> at ¶ 8. In a post-arrest statement, Dickson stated,

in sum and substance, that he agreed to bring the suitcases from Jamaica to the United Kingdom in order to help his cousin who had been threatened and was in trouble.  Id.

On November 6, 2025, the government requested leave to file an information pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure.  See ECF No. 17.  On November 13, 2025, an information and waiver of indictment as to the defendant was filed.  See ECF Nos. 18, 19.  On November 13, 2025, the defendant pleaded guilty, before the Honorable Robert M. Levy, pursuant to a plea agreement to the information charging importation of cocaine in violation of Title 21, United States Code, Sections 952(a) and 960(b)(3).  See ECF No. 21. In the plea agreement, the defendant stipulated and agreed that he is responsible for and will be sentenced based on a drug type and quantity of at least 10.75 kilograms of a substance containing cocaine hydrochloride (and waived any right to a jury trial or Fatico hearing in connection with such issue). On February 5, 2026, Court accepted the defendant's guilty plea.  See ECF No. 29.

## II.    Discussion

### A.  Applicable Law

The Supreme Court has explained that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  Gall v United States, 552 U.S. 38, 49 (2007).  Though advisory, see United States v. Booker, 543 U.S. 220, 264 (2005), the Guidelines nonetheless are "the starting point and the initial benchmark," Gall, 552 U.S. at 49; see also Molina-Martinez v. United States, 578 U.S. 189, 198-99 (2016) (explaining that "[t]he Guidelines are the framework for sentencing and anchor the district court's discretion") (alternation and internal quotation marks omitted).

After calculating the applicable Guidelines range, the Court must consider the factors outlined in 18 U.S.C. § 3553(a), see Gall, 55 U.S. at 49, and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which include "the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for that offense, "the need to afford adequate deterrence to criminal conduct," "the need to protect the public from further crimes by the defendant" and "the need for rehabilitation." United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008) (citing 18 U.S.C. § 3553(a)(2)).  Section 3553(a) further directs the court "in determining the particular sentence to impose" to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

### B.  Sentencing Guidelines Calculation

The defendant has no known prior criminal convictions, resulting in a Criminal History Category of I.  PSR at ¶ 29.

2

The PSR and plea agreement calculate the Sentencing Guidelines offense level as follows:

| | |
|---|---|
| Base Offense level (U.S.S.G. § 2D1.1(a)(5) & 2D1.1(c)(5)) | 30 |
| Less: Zero-point offender (U.S.S.G. § 4C1.1) | -2 |
| Less: Minimal role (U.S.S.G. § 3B1.2(a)) | -4 |
| Less: Safety valve (U.S.S.G. § 2D1.1(b)(18)) | -2 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)) | -3 |
| <u>Total</u>: | <u>19</u> |

As the defendant is in Criminal History Category I, his applicable Guidelines range is 30 to 37 months' imprisonment.  In the plea agreement, the defendant stipulated to this Guidelines calculation.

### III.   The Appropriate Sentence

The nature of the offense supports a Guidelines sentence.  The defendant imported cocaine, a Schedule II drug.  <u>See</u> Department of Justice / Drug Enforcement Administration, <u>Drug Fact Sheet Cocaine </u>(December 2024).[1]  Cocaine is an "intense, euphoria-producing stimulant drug with strong addictive potential."  <u>Id.</u>  "Cocaine users often binge on the drug until they are exhausted or run out of cocaine."  <u>Id.</u>  It has high potential for abuse.  <u>Id.</u>

#### A.  The History and Characteristics of the Defendant

The defendant has no criminal history and, accordingly, received a reduction in his Guidelines calculation because of his status as a Zero-Point Offender.  PSR ¶ 25.  The defendant's history and characteristics do not give rise to any further reductions.  In light of the defendant's criminal history, a sentence within the Guidelines range of 30 to 37 months is appropriate, and is no greater than necessary, to reflect his history and characteristics.

#### B.  Reflecting the Seriousness of the Offense, Promoting Respect for the Law and Providing Just Punishment

A sentence within the advisory Guidelines range is also necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  As noted above, the offense of conviction is for the importation of a controlled substance that has high potential for abuse.  A Guidelines sentence would properly

---

[1]     The fact sheet can be accessed here:  https://www.dea.gov/sites/default/files/2025-01/Cocaine-2024-Drug-Fact-Sheet.pdf.

reflect the seriousness of the offense, as well as promote respect for the law and provide justice punishment.

        C. Affording Deterrence and Protecting the Public

A sentence within the Guidelines range of 30 to 37 months is necessary to afford adequate deterrence to criminal conduct and to protect the public. 18 U.S.C. § 3553(a)(2)(B) & (C). "Under Section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. Mar. 29, 2010). By imposing a sentence within the Guidelines range, the Court would send a serious message to those similarly situated to the defendant and help deter the flow of narcotics into the United States. Future persons considering couriering narcotics must understand that they will face serious consequences should they be arrested and thereby reduce their incentive to participate in criminal activity.

   IV.    Conclusion

For the reasons set forth herein, the government respectfully requests that the Court impose a sentence within the Guidelines range of 30 to 37 months.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/ Brachah Goykadosh
       Brachah Goykadosh
       Special Assistant U.S. Attorney
       (718) 254-6237

cc:    Clerk of Court (LDH) (by E-mail)
       Probation Officer Cheyanne Ralph (by E-mail)
       Anthony Cecutti, Esq. (by ECF and by E-mail)