

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ADG:BG                                          *271 Cadman Plaza East*
F. #2025R00623                                  *Brooklyn, New York 11201*


June 9, 2026


By ECF


The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Anas Zakaria Jait
> Criminal Docket No. 25-351 (LDH)

Dear Judge DeArcy Hall:

The government respectfully submits this letter in connection with the defendant Anas Zakaria Jait's sentencing, which is scheduled for June 26, 2026 at 10 a.m. See ECF Order dated Nov. 20, 2025. For the reasons set forth below, the government respectfully submits that a sentence within the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range of 30 to 37 months' imprisonment, as calculated by the Probation Department and the plea agreement, would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

I.       Factual Background

A.   The Instant Offense and Procedural History

On October 18, 2025, the defendant Anas Zakaria Jait ("Jait" or "the defendant") and a co-defendant arrived at John F. Kennedy International Airport ("JFK Airport") in Queens, New York on a Delta Airlines flight from Montego Bay, Jamaica. See Pre-Sentence Investigation Report ("PSR") ¶ 3. During the screening process for entry into the United States, Customs and Border Protection officers stopped Jait and searched his two suitcases pursuant to their border search authority. Id. at ¶¶ 4-5. The search revealed packages containing white powdery substances concealed within the suitcases. A field test confirmed the presence of cocaine hydrochloride with an estimated total weight of 10.05 kilograms found in both suitcases, as well as approximately 0.50 kilograms of cocaine base found in one of the suitcases. Id. at ¶ 5.

The defendant was arrested on October 19, 2025. Id. at ¶ 8. Following his arrest, Jait voluntarily waived his Miranda rights and agreed to speak with law enforcement. Id. In a

post-arrest statement, Jait stated, in sum and substance, that an individual named "George" had facilitated Jait's trip to Jamaica and arranged for Jait to obtain the suitcases and bring them to London. According to Jait, a mutual friend who had previously introduced him to George, asked whether Jait wanted to travel to Jamaica. Id. Jait agreed and provided his passport information so that George could book the flight and hotel. Id. George paid for Jait's airfare and hotel accommodations and provided him with an additional $300 in spending money. Id. George also told Jait that he would be paid £5,000 if he transported suitcases from Jamaica to London. Id. Jait further stated that he was told the suitcases contained approximately 10 grams of "weed." Id.

On the final day of the trip, George instructed Jait that a man would be waiting outside the hotel in a blue Honda vehicle. Id. at ¶ 9. George directed Jait to ask the man who he was waiting for and advised that, if the man responded with Jait's name, he was "the correct man." Id. Jait followed these instructions and the man provided Jait with two suitcases to transport to London. Id. George further instructed Jait to call him upon his arrival in London so that George could arrange a taxi for Jait to deliver the suitcases to George. Id.

On November 6, 2025, the government requested leave to file an information pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. See ECF No. 17. On November 13, 2025, an information and waiver of indictment as to the defendant were filed. See ECF Nos. 22, 23. On November 20, 2025, the defendant pleaded guilty, before the Honorable Robert M. Levy, pursuant to a plea agreement to the information charging the defendant with importation of cocaine in violation of Title 21, United States Code, Sections 952(a) and 960(b)(3). See ECF No. 25. In the plea agreement, the defendant stipulated and agreed that he is responsible for and will be sentenced based on a drug type and quantity of at least 10.05 kilograms of a substance containing cocaine hydrochloride and .50 kilograms of a substance containing cocaine base (and waived any right to a jury trial or Fatico hearing in connection with such issue). On May 29, 2026, the government requested that the Court accept the defendant's guilty plea and submitted a proposed order to that effect. ECF No. 37. That motion is pending.

II.    Discussion

A. Applicable Law

The Supreme Court has explained that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. Gall v United States, 552 U.S. 38, 49 (2007). Though advisory, see United States v. Booker, 543 U.S. 220, 264 (2005), the Guidelines nonetheless are "the starting point and the initial benchmark," Gall, 552 U.S. at 49; see also Molina-Martinez v. United States, 578 U.S. 189, 198-99 (2016) (explaining that "[t]he Guidelines are the framework for sentencing and anchor the district court's discretion") (alternation and internal quotation marks omitted).

After calculating the applicable Guidelines range, the Court must consider the factors outlined in 18 U.S.C. § 3553(a), see Gall, 55 U.S. at 49, and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which include "the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for that offense, "the need to afford adequate deterrence to criminal conduct," "the

need to protect the public from further crimes by the defendant" and "the need for rehabilitation." United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008) (citing 18 U.S.C. § 3553(a)(2)).  Section 3553(a) further directs the court "in determining the particular sentence to impose" to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

      B.  Sentencing Guidelines Calculation

The PSR and plea agreement calculate the Sentencing Guidelines offense level as follows:

| | |
|---|---|
| Base Offense level (U.S.S.G. § 2D1.1(a)(5) & 2D1.1(c)(5)) | 30 |
| Less: Zero-point offender (U.S.S.G. § 4C1.1) | -2 |
| Less: Minimal role (U.S.S.G. § 3B1.2(a)) | -4 |
| Less: Safety valve (U.S.S.G. § 2D1.1(b)(18)) | -2 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)) | -3 |
| Total: | 19 |

As the defendant is in Criminal History Category I, PSR at ¶ 29, his applicable Guidelines range is 30 to 37 months' imprisonment.  In the plea agreement, the defendant stipulated to this Guidelines calculation.

III.    The Appropriate Sentence

The nature of the offense supports a Guidelines sentence.  The defendant imported cocaine, a Schedule II drug.  See Department of Justice / Drug Enforcement Administration, Drug Fact Sheet Cocaine (December 2024).[1]  Cocaine is an "intense, euphoria-producing stimulant drug with strong addictive potential."  Id.  "Cocaine users often binge on the drug until they are exhausted or run out of cocaine."  Id.  It has high potential for abuse.  Id.

      A.  The History and Characteristics of the Defendant

The defendant has no criminal history and, accordingly, received a reduction in his Guidelines calculation because of his status as a Zero-Point Offender.  PSR ¶ 25.  The defendant's history and characteristics do not give rise to any further reductions.  A sentence within the

---

[1]    The fact sheet can be accessed here:  https://www.dea.gov/sites/default/files/2025-01/Cocaine-2024-Drug-Fact-Sheet.pdf.

Guidelines range of 30 to 37 months is therefore appropriate, and is no greater than necessary, to reflect his history and characteristics.

       B.   <u>Reflecting the Seriousness of the Offense, Promoting Respect for the Law and Providing Just Punishment</u>

A sentence within the advisory Guidelines range is also necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the offense of conviction is for the importation of a controlled substance that has high potential for abuse. A Guidelines sentence would properly reflect the seriousness of the offense, as well as promote respect for the law and provide just punishment.

       C.   <u>Affording Deterrence and Protecting the Public</u>

A sentence within the Guidelines range of 30 to 37 months is necessary to afford adequate deterrence to criminal conduct and to protect the public. 18 U.S.C. § 3553(a)(2)(B) & (C). "Under Section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." <u>United States v. Davis</u>, 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. Mar. 29, 2010). By imposing a sentence within the Guidelines range, the Court would send a message to those similarly situated to the defendant that such conduct will be seriously punished, as well as help deter the flow of narcotics into the United States. Future persons considering couriering narcotics must understand that they will face serious consequences should they be arrested and thereby reduce the incentive to participate in criminal activity.

IV.    <u>Conclusion</u>

For the reasons set forth herein, the government respectfully requests that the Court impose a sentence within the Guidelines range of 30 to 37 months.[2]

                                   Respectfully submitted,

                                   JOSEPH NOCELLA, JR.
                                   United States Attorney

By:    /s/ Brachah Goykadosh
                                   Brachah Goykadosh
                                   Special Assistant U.S. Attorney
                                   (718) 254-6237

---

[2]     The undersigned government counsel thanks Cole Englert, an intern with the United States Attorney's Office, for his assistance in preparing this submission.

4

cc:     Clerk of Court (LDH) (by E-mail)
        Probation Officer Cheyanne Ralph (by E-mail)
        Karume James, Esq. (by ECF and by E-mail)